953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Jerry J. NACHTIGAL, Defendant-Appellee.
 No. 91-10212.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1992.*
Decided Jan. 27, 1992.
 
 1
 Before CHAMBERS, TANG and PREGERSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Jerry Nachtigal was convicted before a magistrate judge of driving a motor vehicle under the influence of alcohol in Yosemite National Park, in violation of 36 C.F.R. § 4.23(a)(1). This crime carries a maximum sentence of six months imprisonment, 36 C.F.R. § 1.3(a), a maximum fine of $5,000, 18 U.S.C. § 3571(b)(6), (e), and a maximum probationary period of five years during which the defendant is subject to a host of possible restrictions and conditions, 18 U.S.C. §§ 3561(b)(2), 3563(a)(1), (b). On appeal to the district court, Nachtigal argued that because of the severity of the potential sanctions, he had a right to a jury trial. The district court agreed, and reversed his conviction. The government now appeals the reversal, arguing that Nachtigal has no right to a jury trial.
 
 
 4
 We have jurisdiction under 18 U.S.C. § 3731, and we affirm.
 
 DISCUSSION
 
 5
 Our constitution guarantees the right to trial by jury. U.S. Const. art. III, § 2, cl. 3; amend. VI. However, this right does not apply to all crimes. The Supreme Court has recognized "the common-law rule that 'petty' offenses may be tried without the intervention of a jury." United States v. Craner, 652 F.2d 23, 24 (9th Cir.1981) (citations omitted). Several Supreme Court cases, culminating in Blanton v. City of North Las Vegas, Nevada, 109 S.Ct. 1289 (1989), have focused on offenses carrying maximum prison terms of six months as the dividing line between "petty" and "serious" offenses. At issue here is whether operating a motor vehicle under the influence of alcohol on federal property, which carries a maximum term of six months imprisonment, is a petty offense for which no right to a trial by jury exists.
 
 
 6
 In Craner, we addressed this same question. In that case, we held that a person accused of operating a motor vehicle under the influence of alcohol in Yosemite Park has a right to a jury trial. 652 F.2d at 27. In doing so, we emphasized two factors. First, the six month term of imprisonment is set by the Secretary of the Interior, and "is the severest one the Secretary may authorize." Id. at 25, citing 16 U.S.C. § 3. Second, we noted that seven states in this circuit guarantee a right to a jury trial in drunk driving cases. Id. at 27. We concluded in Craner that the crime of driving a motor vehicle while intoxicated is a serious one which merits trial by jury. Craner is indistinguishable in any legally meaningful sense from the case at hand, and controls this case.
 
 
 7
 The government urges us to abandon Craner, however, on the grounds that it has been overturned by Blanton. There, the Supreme Court held that the federal constitution does not require a jury trial where a state drunk driving statute imposes a maximum penalty of six months imprisonment and a fine of $1,000. 109 S.Ct. at 1293. The Court did not, however, adopt a bright line rule that an offense carrying a maximum prison term of six months or less is "petty." Id.
 
 
 8
 The Court in Blanton adopted a "somewhat imprecise" test which focuses on the totality of statutory sanctions in order to determine whether there is "a legislative determination that the offense in question is a 'serious' one." Id. (emphasis added). Because of the Supreme Court's emphasis on the legislature's intent in establishing criminal penalties, we do not believe that Blanton is apposite to this case.
 
 
 9
 As Craner emphasized, the six month prison term is dictated by the Secretary of the Interior, not Congress. There is no controlling legislative determination here. Moreover, it would be error to construe the six month prison term as indicative of the pettiness of driving while intoxicated. As Craner noted, the general regulatory powers vested in the Secretary of Congress make six months the maximum sentence the Secretary can impose for any offense. Indeed, the fact that the Secretary imposed the harshest penalty available to him indicates the gravity of drunk driving. Finally, to the extent that legislative determinations are relevant, Craner points out that the legislatures of seven states in our Circuit have determined that drunk driving is a "serious" offense to which the right to a jury trial attaches.
 
 CONCLUSION
 
 10
 Blanton is inapposite to this case. Craner remains the law of this Circuit. Nachtigal is therefore entitled to a jury trial. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3